UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ERIC JASON FIORENTINO, JR.                                                         PETITIONER

VERSUS                                                  CIVIL ACTION NO. 1:23-CV-125-TBM-RPM

TYRONE NELSON                                                                      RESPONDENT

## REPORT AND RECOMMENDATION

On May 19, 2023, Eric Jason Fiorentino, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, he challenges his pretrial detention in Jackson County, Mississippi. Fiorentino was originally arrested on February 3, 2023, in Jackson County on a warrant originating in Harvey County, Kansas on charges of enticement of a minor for indecent purposes. Doc. [9-1] [9-2]. Jackson County, Mississippi later issued a warrant for his arrest on charges of producing, sending, receiving, distributing, or possession of child pornography (or exploitation of a child) under Miss. Code Ann. § 97-5-33(3). Doc. [9-3] [9-4].

As of February 15, 2024, the date of the latest pleading (Doc. [11]), Fiorentino had not been indicted by a grand jury on the Jackson County charges. However, on November 3, 2023, a criminal complaint was filed against Fiorentino in the U.S. District Court for the Southern District of Mississippi. Doc. [11-1] at 1-2. Fiorentino was arrested and placed in federal custody on November 6, 2023. Doc. [11-2] [11-3] [11-4]. On November 29, 2023, a federal grand jury indicted Fiorentino on ten counts related to visual depictions of minors engaging in sexually explicit conduct. Doc. [11-5]. He currently is scheduled for trial on federal charges in August 2024. *See* 1:23-cr-139-TBM-BWR-1 ("Text Only Amended Trial Order" 5/15/2024). Respondent advises that Fiorentino's release from Jackson County's physical custody and transfer to federal custody does not render the instant petition moot, because Jackson County

intends to lodge a detainer with the federal government based on the charges pending against Fiorentino in Jackson County. Doc. [11] at 3. Accordingly, Fiorentino remains "in custody" for purposes of § 2241. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 224-25 (5th Cir. 1987).

In his petition, Fiorentino alleges (1) he has been placed in double jeopardy because he is being held in Mississippi for a crime he is accused of committing in Kansas; (2) he has been denied the ability to talk to an attorney; (3) an investigator will not let Fiorentino speak with his fiancée; and (4) he has not been allowed to bond out of jail. He requests that this Court dismiss the charges now pending against him in Jackson County, Mississippi. He also requests that he be paid the total amount of his bond, that he be fully exonerated and pardoned, and that his record be cleared. Respondent has filed a motion to dismiss and supplement to motion to dismiss arguing (1) the petition should be dismissed with prejudice because it raises claims not cognizable in a federal habeas proceeding; and (2) alternatively, the petition should be dismissed because it raises unexhausted claims. Doc. [9] [11]. Fiorentino has not filed a response in opposition to the motion to dismiss.

## Law and Analysis

In his petition, Fiorentino complains about his pretrial detention; therefore, his petition is properly considered under 28 U.S.C. § 2241 rather than § 2254. *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011). Claims of double jeopardy violations, excessive bail, and speedy trial violations may be brought pursuant to § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976); *Simon v. Woodson*, 454 F.2d 161, 164-65 (5th Cir. 1972); *Finch v. Davidson Cty. Sheriffs Dept.*, No. 3:20-cv-91-B-BN, 2020 WL 690658, at *1 (N.D.Tex. Jan. 21, 2020) (citing *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016)). However, to the extent Fiorentino seeks to have the charges dismissed against him and

that he be exonerated, his petition is without merit. *See Brown*, 530 F.2d at 1283. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Id.* at 493.

The Double Jeopardy Clause of the Fifth Amendment "protects a criminal defendant from repeated prosecutions for the same offense." *Martinez*, 644 F.3d at 242-43. Although double jeopardy claims may properly be raised in a pretrial § 2241 petition, to date, Fiorentino has not been convicted of an offense either in Mississippi or Kansas. Rather, he faces criminal charges in both states, as well as in the U.S. District Court for the Southern District of Mississippi. In the absence of a first or preceding conviction, jeopardy has not attached; accordingly, he has no viable double jeopardy claim. *See Doyle v. Johnson*, 235 F.3d 956, 958-59 (5th Cir. 2000).

Fiorentino asserts he has been denied his ability to speak with defense counsel; however, orders issued by the county court demonstrate that he has been represented by counsel at least since March 13, 2023. Doc. [9-5] [9-6]. In one order, the court found he waived a preliminary hearing "in open court and on advice of Counsel." Doc. [9-5]. Moreover, his defense attorney signed an order reducing bond from $250,000 to $200,000. Doc. [9-6]. These orders were issued approximately two months prior to Fiorentino filing the instant § 2241 petition. Fiorentino has been represented by defense counsel in his federal criminal proceeding as well. *See* Doc. [11-1] at 3 (dkt. entry [8] "Order Appointing Federal Public Defender"); [11-6]; [11-7]

at 2. Fiorentino further complains about being unable to speak with his fiancée; however, this does not raise an issue of constitutional magnitude.

Regarding Fiorentino's claims related to extradition, he was never extradited to Kansas. Fiorentino executed a waiver of extradition shortly after his arrest, although he now suggests the signature on the document is a forgery. Doc. [8] at 1; Doc. [9-2]. Nevertheless, he remained in custody of Jackson County only later to be transferred to federal custody. Fiorentino does not allege that the state extradition proceeding violated the Constitution or laws or treaties of the United States to fall within the scope of § 2241. *See McDonald v. Burrows*, 731 F.2d 294, 296-97 (5th Cir. 1984) ("Extradition is not … a criminal proceeding. It does not involve determination of the guilt or innocence of the person to be extradited and, therefore, does not invoke the same degree of protection of the defendant's constitutional rights."). He does not assert a claim that would fall within the narrow scope of review for extradition orders under § 2241. *See Garrison v. Smith*, 413 F.Supp. 747, 752 (N.D.Miss. 1976); *see also Good v. Allain*, 646 F.Supp. 1029, 1031-32 (S.D.Miss. 1986). The inquiry is limited to (1) whether a crime has been charged in the demanding state; (2) whether the individual in custody is the person so charged; and (3) whether the individual in custody was in the demanding state when the alleged crime was committed. *Ibid.* In his petition, Fiorentino merely complains he should have been extradited to Kansas more promptly. Doc. [1] at 5. He contends he was "held over the alotted [sic] days allowed for extradition" and that if Kansas had "pick[ed] me up like they were originally supposed to do. . . I wouldn't be stuck in this situation." *Ibid.*

Fiorentino also appears to argue he has been unable to bond out of jail from Jackson County, although the reasons for this are unclear. Doc. [1] at 10. "[T]he only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive

4

bail is whether the state judge has acted *arbitrarily* in setting that bail." *Simon*, 454 F.2d at 165 (emphasis in original). Shortly after his arrest, the county court judge set a bond of $250,000, which later was reduced to $200,000. Doc. [9-3] [9-6]. However, on June 2, 2023, the district attorney filed a motion to revoke bail and advised the circuit court that Fiorentino was under investigation for sexual crimes against minor children in Kansas and that Homeland Security Investigations confirmed multiple minor victims across several states. Doc. [9-7] at 1. By order of June 2, 2023, the circuit court granted the district attorney's motion and temporarily revoked Fiorentino's bail. Doc. [9-8]. Fiorentino has not explained how the state court judge acted arbitrarily in setting his bail initially or in temporarily revoking it when multiple other crimes against minors came to light.

Regardless, Fiorentino's claims regarding extradition and bond are now moot. *See Salgado v. Federal Bureau of Prisons*, 220 F.Ap'x 256, 257 (5th Cir. 2007) ("an action is moot when the court cannot grant the relief requested by the moving party."). While he is "in custody" for purposes of § 2241, Fiorentino is no longer in Jackson County's physical custody having been transferred to federal custody under an indictment on federal charges. *See McNeil v. Mason*, No. 3:19cv13-DPJ-FKB, 2020 WL 898513, at *1 (S.D.Miss. Jan. 29, 2020). In the federal criminal proceeding, Fiorentino waived his right to a detention hearing and confessed grounds for detention while he awaits trial. *United States v. Fiorentino*, 1:23-cr-139-TBM-BWR-1 (Doc. [11] & [12]). This Court cannot now order Respondent to extradite Fiorentino to Kansas or to release him on bond, because he is no longer in Respondent's physical control and custody.

In sum, Fiorentino's claims constitute an impermissible attempt on his part to disrupt state criminal proceedings. His attempt to dismiss criminal charges or otherwise prevent

prosecution by the state court is normally not permitted through federal habeas corpus. *See Brown*, 530 F.3d at 1283. Moreover, he has failed to identify special circumstances that would cause this Court to entertain his request for release from custody. Based on the foregoing, Fiorentino's petition should be dismissed with prejudice for failure to state a claim upon which § 2241 relief may be granted.

In the alternative, Fiorentino's petition fails because he has not exhausted state remedies. As the Fifth Circuit has explained, "although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 at 225. In his petition, Fiorentino admitted he had not pursued his claims in state court at the time of the filing of his § 2241 petition. Doc. [1] at 6, 9, 12. In a later pleading, Fiorentino submitted exhibits indicating he subsequently filed *pro se* motions with the Circuit Court of Jackson County addressing some of the issues raised in the instant petition. *See* Doc. [8-1] at 3-9. Specifically, he filed a motion for speedy trial on May 11, 2023; a motion to reduce excessive bail on May 22, 2023; and a motion to dismiss charges on May 19, 2023. There is no indication in the record that the circuit court has ruled on any of the motions or that Fiorentino fully exhausted these claims prior to bringing the instant petition.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [9] Motion to Dismiss be GRANTED and that Eric Jason Fiorentino, Jr.'s 28 U.S.C. § 2241 petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 3rd day of July 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE