# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ERIC JASON FIORENTINO, JR.**                                                                       **PETITIONER**

**v.**                                                                  **CIVIL ACTION NO. 1:23-cv-125-TBM-RPM**

**TYRONE NELSON**                                                                                    **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [12] entered by United States Magistrate Judge Robert P. Myers, Jr. on July 3, 2024. Judge Myers recommends granting the Respondent's Motion to Dismiss [9] and dismissing Eric Jason Fiorentino, Jr.'s Petition for Writ of Habeas Corpus [1] with prejudice for failure to state a claim. In the alternative, Judge Myers recommends dismissing Fiorentino's Petition without prejudice for failure to exhaust his state court remedies. To date, the Petitioner has not filed an objection to the Report and Recommendation, and the time for filing an objection has expired.[1]

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition (citations omitted); s*ee Casas v. Aduddell*, 404 F. App'x 879, 881 (5th Cir. 2010) (affirming district court's dismissal of Section 1983 claims and stating that

---

[1] A copy of the Report and Recommendation [12] was mailed to Fiorentino at the address listed on the docket as of July 3, 2024. And although it is Fiorentino's responsibility to notify the Court of any address changes, a copy of the Report and Recommendation [12] was also mailed to Fiorentino at Pearl River County Jail in Poplarville, Mississippi, where he is currently housed according to the Mississippi Department of Corrections. *See* Inmate Details, Eric Fiorentino, available at http://inmates.bluhorse.com/default.aspx?ID=PEARLRIVERMS (last accessed Sept. 24, 2024). This was done out of an abundance of caution, and in the interest of justice, because the undersigned is currently presiding over a pending criminal action where Fiorentino is a defendant, and because Fiorentino also has another civil case pending in this Court. *See USA v. Fiorentino, Jr.*, 1:23-cr-139-TBM-BWR; *Fiorentino v. Nelson et al.*, 1:23-cv-126-BWR (listing Fiorentino's address as Pearl River County Jail).

"[w]hen a party fails timely to file written objections to the magistrate judge's proposed findings, conclusions, and recommendation, that party is barred from attacking on appeal the unobjected-to proposed findings and conclusions which the district court accepted, except for plain error") (citing *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)); *Douglass*, 79 F.3d at 1430 (affirming district court's grant of summary judgment).

Having considered Judge Myers' Report and Recommendation, the Court finds that it is neither clearly erroneous nor contrary to law. Rather than adopting the Report and Recommendation entirely without change, however, this Court exercises its discretion to modify Judge Myers' findings in part. Rather than dismissing Fiorentino's Petition with prejudice for failure to state a claim, this Court instead dismisses his Petition without prejudice for failure to exhaust his state remedies. *See* [12], p. 6; *see also Garcia v. Boldin*, 691 F.2d 1172, 1179 (5th Cir. 1982) (The district court may "accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations."); *see also Rome v. Kyle*, 42 F.3d 640, at *2 (5th Cir. 1994) ("[A]n exhaustion requirement has been jurisprudentially created in cases involving pre-trial § 2241 habeas petitions by state prisoners.") (citation omitted); *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (same); *see also Marshall v. Tanner*, 651 F. App'x 254, 255 (5th Cir. 2016) ("Exhaustion[] is not a jurisdictional requirement but is founded on the more flexible principles of comity.") (citation and internal quotations omitted); *see also Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (citing *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (Exceptions to the exhaustion requirement)); *see also Fogleman v. Hubbard*, No. 1:20-cv-12-HSO-RPM, 2021 WL 879062 (S.D. Miss. Mar. 9, 2021) (dismissing the petition in part without prejudice

to the extent it seeks habeas relief as to Counts I, II, and III for failure to exhaust available state court remedies.).

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [12] entered by United States Magistrate Judge Robert P. Myers, Jr. on July 3, 2024, is ADOPTED as modified as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED the Respondent's Motion to Dismiss [9] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED the Petition for Writ of Habeas Corpus [1] is DISMISSED WITHOUT PREJUDICE because the Petitioner failed to exhaust state remedies.

THIS, the 24th day of September, 2024.

                                        TAYLOR B. McNEEL
                                      UNITED STATES DISTRICT JUDGE